**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**E. J. ZONGKER and Charleen Zongker, Respondents.**

**No. 7553.**

United States Court of Appeals
Tenth Circuit.
July 11, 1964.

Robert A. Bernstein, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, and Harry Baum, Attys., for Dept. of Justice, with him on brief), for petitioner.

Wayne Coulson, Wichita, Kan. (Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, and Willard B. Thompson, Wichita, Kan., with him on brief), for respondents.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is a petition for review of a decision of the Tax Court holding that the corporation in which taxpayers held fifty per cent of the stock was not a "collapsible corporation" within the meaning of Section 117(m) of the Internal Revenue Code of 1939, and that the gain from the sale of the stock was, therefore, taxable as capital gain rather than ordinary income. See: 39 T.C. 1046. The crux of this controversy is Section 117(m) (2) (A), which defines a "collapsible corporation" as "a corporation formed or availed of principally for the manufacture, construction, or production of property [or] for the purchase of property * * * with a view to (i) the sale or exchange of stock by its shareholders * * * or a distribution to its shareholders, prior to the realization by the corporation * * * of a substantial part of the net income to be derived from such property, and (ii) the realization by such shareholders of gain attributable to such property." The sole question is whether the statutory phrase, "substantial part" refers to the part of the total anticipated net income of the corporation already realized at the time of the stock sale or, as the Commissioner contends, the part remaining to be realized.

The uncontroverted facts are that the taxpayers owned one-half the stock in a corporation formed in 1952 to develop real estate. The corporation then purchased 100 acres of farm land intending to sell 474 residential lots and retain 16 acres for later commercial development. After 200 of the residential lots were sold to a group of purchasers, the taxpayers together with the other owners of the corporate stock, sold their entire stock interest to the same group of purchasers. Prior to the sale of the stock by the taxpayers, the corporation had realized 34 per cent of its total anticipated net income. The taxpayers treated the proceeds from the sale of stock as capital gain; the Commissioner disallowed and assessed a deficiency, based on ordinary income rates.

The admitted facts in our case are indistinguishably like Commissioner of Internal Revenue v. Kelley, 5 Cir., 293 F. 2d 904. In that case, after an exhaustive and penetrating treatment of the same question, Judge Wisdom, speaking for a majority of the sitting Judges, affirmed a majority of the Tax Court, holding that a "substantial part" meant the realized not the unrealized portion of the income; and, that a realization of one-third of the total net income constituted a substantial part. In dissent, Judge Rives took the opposite view that the critical phrase, " * * * 'substantial part' has reference to the part not yet realized." Ibid, p. 914. In his view this interpretation best serves the Congressional purpose to close the tax loophole.

**46**

We have only to choose between the majority and the dissent. While there is merit to the dissent, we are persuaded that Judge Wisdom's analysis of the statutory meaning is more plausible and certainly less penal.[1]

Affirmed.

---

1. Judge Wisdom's opinion made reference in a Footnote to the then current legal writings on the subject. See: Footnote 11, Commissioner of Internal Revenue v. Kelley, 5 Cir., 293 F.2d 904, 908. Since that decision, there has been additional comment on the case favorable to the majority view. See: Hines, "Collapsible Corporations—Another Limited Look," 42 N.C.L.Rev. 278 (1964); "The Fifth Circuit On Collapsible Corporations," 36 Tulane L.Rev. 759 (1962); Peel, "Recent Collapsible Developments," 20th Annual N.Y.U. Institute Of Taxation, 857; Note, 75 Harv.L.Rev. 1658 (1962); Note, 14 Stanford L.Rev. 613 (1962); and Ryan, "Prior Realization Of ⅓ Of Income Avoids Collapsibility," 15 Journal Of Taxation 246 (1961).